HAROLD R. AND NANCY L. WEINREICH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weinreich v. Commissioner
Docket No. 17355-93
United States Tax Court
T.C. Memo 1994-32; 1994 Tax Ct. Memo LEXIS 35; 67 T.C.M. (CCH) 2042; January 26, 1994, Filed *35 An order of dismissal for lack of jurisdiction will be entered. For petitioners: Steven B. Kutscheid. For respondent: Mary E. Dean and Arlene A. Blume. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b) (4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of Chief Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issue for decision is whether Harold R. and Nancy L. Weinreich filed their petition for redetermination within the 90-day period prescribed in sections 6213(a) and 7502. Background
On May 3, 1993, respondent mailed a statutory notice of deficiency to *36 petitioners determining deficiencies in and additions to their Federal income taxes as follow: Additions to Tax Sec.
Sec. Sec.
Year
Deficiency 6653(a)(1)
6653(a)(1)(A)
6653(a)(2)
1985
$ 21,713.66
$ 1,085.68
--  50% of the
interest due
on $ 21,713.66
1986
$ 53,644.00
--  $ 2,682.20
--
Additions to Tax Sec.
Sec. Year
6653(a)(1)(B) 6661(a)
1985
--
$  5,428
1986
50% of the
13,411
interest due
on $ 53,644.00
There is no dispute respecting the date of mailing of the deficiency notice nor do petitioners contend that the notice was mailed to an address other than their last known address. Petitioners filed a petition for redetermination with this Court on August 12, 1993, which is 101 days after the mailing of the deficiency notice. The petition, signed by petitioners' counsel and dated July 30, 1993, was mailed to the Court in a properly addressed envelope by certified mail bearing a private postage meter postmark date of July 30, 1993. The petition was mailed from St. Cloud, Minnesota. [2] The ordinary delivery time for a properly addressed envelope from St. Cloud, Minnesota, to Washington, D.C., *37 is 4 days. Respondent filed a motion to dismiss for lack of jurisdiction on the ground that petitioners failed to file their petition within the time prescribed in section 6213(a) or section 7502. Petitioners filed an objection to respondent's motion to dismiss attaching thereto affidavits signed by petitioners' counsel, his secretary, and the law firm's office manager. The affidavits describe the preparation of the petition in question and the law firm's procedures for handling outgoing mail. A hearing was held on this matter in Washington, D.C. Respondent appeared at the hearing and presented argument on the motion. Petitioners did not appear at the hearing. This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); ; ; *38 . Assuming respondent mails a valid notice to the taxpayer's last known address, section 6213(a) provides in pertinent part that the taxpayer must file a petition with this Court within 90 days of the mailing of the deficiency notice. In certain limited circumstances, section 7502 provides that the timely mailing of a petition can be treated as the date of delivery to the Court and hence as timely filing. Where, as here, the postmark in question is made by a private postage meter, the provisions implementing the timely mailed/timely filed rule are contained in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., which provides in pertinent part: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is *39 properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by *40 the United States Post Office shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a) of this subdivision.
The validity of these regulations has been upheld. , affg. ; , affg. . In the instant case, the envelope in which the petition was mailed bears a private postage meter postmark date of July 30, 1993, 3 days before the last date for filing a petition. However, assuming the envelope was mailed on July 30, 1993, it was not received by the Court within the normal mailing time between St. Cloud, Minnesota, and Washington, D.C. The 13 days that it took between the purported mailing date and delivery far exceeds the ordinary mailing period of 4 days. Consequently, under section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., petitioners must establish that the envelope was timely deposited in the mail, that the delay in receiving *41 the envelope was due to a delay in the transmission of the mail, and the cause of such delay. With respect to the proof of mailing, petitioners attached affidavits to their objection that could lead to the conclusion that the petition was prepared on July 30, 1993. The secretary who typed the petition indicates that she recalls delivering the petition to the law firm's mailroom for delivery to the U.S. Postal Service. The office manager of the firm described in an affidavit that the petition, along with other mail, would have been delivered to the U.S. Postal Service on the same date. Assuming that we were to conclude from these affidavits that petitioners satisfied the first element of the regulation (that the petition was deposited in the mail before the last collection), petitioners have nevertheless failed to establish the remaining elements of the regulation (that the delay in receiving the envelope was due to a delay in the transmission of the mail and the cause of such delay). Consistent with the foregoing, petitioners cannot avail themselves of the relief provided in section 7502. Because their petition was not timely filed under section 6213(a) or section 7502, respondent's *42 motion to dismiss for lack of jurisdiction will be granted. [3]
An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. Section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners resided in Apache Junction, Arizona, at the time the petition was filed.↩
3. While petitioners cannot pursue their case in this Court, they are not without a remedy. Petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and, if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.↩